[File No. 6063.]

R. O. RICHARDSON, Respondent, v. W. H. THOMAS, Appellant.

(244 N. W. 18.)

Opinion filed August 2, 1932.

*F. M. Jackson,* for appellant.

*Paul W. Boehm,* for respondent.

BIRDZELL, J. This is an action to recover from the defendant on account of his indorsement of two promissory notes. By stipulation the case was tried before the district court without a jury and resulted in a judgment in favor of the plaintiff, from which judgment the defendant appeals. The facts. may be briefly stated as follows:

On July 29, 1920, the plaintiff, Richardson, and one B. B. Larson

of Halstad, Minnesota, since deceased, were the owners of a flour mill situated upon the railroad right of way in Hettinger, North Dakota. On that day they entered into a contract to sell the same to J. M. D. Lodder, H. H. B. Lodder and the defendant, W. H. Thomas, for a consideration of $12,000. The sum of $2,000 was paid in cash and four notes were taken for the balance as follows: $2,000 due February 15, 1921; $1,500 due August 15, 1921; $3,250 due August 15, 1922; and $3,250 due August 15, 1923. These notes were signed by the Lodders and indorsed by the defendant. This action is upon the indorsement on the two last mentioned notes. The contract provided for the retention of title by the vendors, but that possession should be delivered not later than August 15th. It further provided that in case of default by the purchasers they would, upon demand of the vendors, peaceably surrender possession. It stipulated for further securing of the notes by the giving of a mortgage upon 760 acres of land in Rosebud county, Montana, subject to a mortgage of record. It was mutually agreed that the vendors should furnish a working capital of $10,000 from time to time as needed. The purchasers agreed not to take any money or property out of the business except for running expenses and that earnings should be paid to the vendors in reduction of the debt.

The purchasers made the cash payment and went into possession under the contract. Thereafter a settlement was made of the first two notes and interest was credited upon the two notes in suit to February 1, 1926. After the transfer of possession under the contract the mill was operated under the management of the defendant, Thomas. It did not prosper and in February, 1923, as both the plaintiff and the defendant were dissatisfied, negotiations were had which ultimately resulted in the surrender of possession of the mill to the plaintiff. The notes in suit were retained by the plaintiff, however, and after the death of Larson, his former partner and joint payee of the notes, Larson's administrator indorsed the notes to the plaintiff and the plaintiff proceeded to foreclose upon the Lodder land in Montana. The Lodders were at that time in Europe and have since remained there. As a result of the foreclosure proceedings there was indorsed, on January 21, 1928, by the clerk of the court in Montana, a credit upon each

of the notes in suit of $2,100. The judgment in this action is for the balance with interest.

The principal contention on this appeal is that the plaintiff, by repossessing the mill in 1923, must be held to have rescinded the original contract and to have relinquished any rights he might have had as against the defendant on the notes in question. Whether possession was taken by the plaintiff under the contract stipulation giving him a right to take possession, and whether the contract was in fact thereby rescinded, are questions that depend upon the true nature of the transaction as disclosed by the evidence.

The plaintiff's testimony is to the effect that, in addition to the obligations represented by the notes in suit, the defendant and the Lodders were indebted to him for money advanced as working capital under the contract. He testified that at the time of the settlement in 1923 the total indebtedness on account of the unpaid purchase price notes and working capital advances amounted, with interest, to $17,132.99. He testified that at a conference held in the defendant's house, at which the plaintiff, the defendant, the two Lodders, the wife of one of the Lodders, and the defendant's wife were present, the matter of all this indebtedness was discussed and a proposal made that the plaintiff would take back the mill at a valuation of $8,000, to be credited on the whole indebtedness, and that this proposition was agreed to and possession retaken pursuant to this understanding. The plaintiff produced a memorandum of such indebtedness which he claims was used as a basis for the negotiations at that time. The defendant, on the other hand, testified that in his negotiations with the plaintiff he proposed a dissolution of his partnership with the Lodders on terms that would release him from all liability for the indebtedness of the firm; that he would step out and leave the plaintiff to negotiate a settlement with the Lodders with the understanding that he, the defendant, was not to be held liable for any prior indebtedness; that his proposal was agreed to and that he never knew upon what terms the plaintiff settled with the Lodders and never heard of the $8,000 credit on account of the mill until it was testified to in this trial. All the testimony on this matter comes from the plaintiff and the defendant, it appearing that the Lodders are still in Europe and that the defendant's wife, another witness to the transaction, is no longer living. The trial court

found in accordance with the plaintiff's version of the transaction and, of course, we can not say that such finding is not amply supported. Under this view of the facts, there was no rescission of the original contract. The liability under it was fixed and determined. Further, this debt was partially satisfied by a resale of the mill to the plaintiff for $8,000, leaving the Lodders and the defendant liable upon the notes in question.

There is some further contention that the evidence to establish this added indebtedness on account of working capital was erroneously admitted over the objection that it was irrelevant to the issues in the case. We are of the opinion, however, that the evidence was clearly competent and relevant on the issue of the discharge of the defendant's liability through the rescission as alleged in the answer. The original contract for the sale stipulated for such advances, and the evidence shows that they were made in such circumstances as to render the defendant liable for their repayment. Since the rescission pleaded by the defendant would have wiped out both his liability on the notes and his liability for the advances, the question of whether or not there was such a rescission can only be determined by a full consideration of the character of the transaction relied upon to constitute a rescission. It necessarily includes the state of the accounts under the contract.

It follows that the judgment appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.